JUSTICE GROVES
delivered the opinion of the Court.
Pursuant to section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8), the People appeal two rulings entered by the district court during the defendant’s trial on three counts of theft. We disapprove the rulings of the district court.
Evidence introduced at trial showed that the defendant had solicited an Associated Grocers’ truck driver to steal Associated Grocers’ goods and deliver them to the defendant in return for payment totaling half the value of the goods. The driver informed the police and an Associated Grocers’ superior about the offer. Subsequently, the Colorado Bureau of Investigation and Associated Grocers authorized the driver to make three deliveries to the defendant of what he though were stolen goods.
The first delivery involved goods worth less than fifty dollars, but the second and third deliveries each involved goods valued at over two hundred dollars. Initially, the People charged the defendant with one count of theft of goods worth less than fifty dollars (a class 3 misdemeanor) and two counts of theft of goods worth between two hundred and ten thousand dollars (a class 4 felony). Section 18-4-401, C.R.S. 1973 (now in 1978 Repl. Vol. 8). In the first ruling under appeal, the district court reduced the latter two charges to counts of theft of goods worth between fifty and two hundred dollars (a class 2 misdemeanor). The basis of the ruling was that Associated Grocers suffered less than a two hundred dollar net loss on each of the second and third thefts since the defendant had paid the driver an amount equal to half the value of the goods and the driver had turned those payments over to his superior at Associated Grocers. We agree with the People that this ruling was error. Except for the driver’s loyalty, Associated Grocers would have had a 100% loss, as was the intent of the defendant.
It is well established in Colorado that the value of a stolen item is measured by its fair market value. People v. Austin, 185 Colo. 229, 523 P.2d 989 (1974); People v. Marques, 184 Colo. 262, 520 P.2d 113 (1974); People v. Paris, 182 Colo. 148, 511 P.2d 893 (1973); Noble v. People, 173 Colo. 333, 478 P.2d 662 (1970). Prior cases do not address the particular issue presented here, viz., whether amounts paid to obtain the cooperation of one believed to be a co-conspirator should be deducted in determining the value of stolen goods when the payments were returned to the owner of the goods. Nonetheless, we believe that the goods should be valued at the market value at the time of the theft without regard to the purported co-conspirator. Knight v. Florida, 217 So. 2d 124 (Fla. *289 App. 1968); State v. Donaldson, 35 Utah 96, 99 P. 447 (1909). See generally 2 R. Anderson. Wharton’s Criminal Law and Procedure. § 449 (1957). Since the goods involved in the second and third deliveries were worth $330 and $218 respectively, the district court erred in reducing the charges of theft of goods worth between two hundred and ten thousand dollars.
The People also appeal the district court’s refusal to instruct the jury on two charges of attempted felony theft. Section 18-2-101, C.R.S. 1973 (now in 1978 Repl. Vol. 8). The People had requested the instructions on attempted felony theft after the district court had ruled that the counts of felony theft were improper, as explained above. The district court refused on the ground that an instruction regarding attempted theft was improper since a theft had actually occurred.
It appears that the People would not have requested instructions on attempted theft if the district court had not erroneously reduced the original charges. Consequently, the ruling is a product of that error. We note only that the basis of the ruling is contra to section 18-2-101(1), C.R.S. 1973 which provides that the fact that the attempted crime was actually perpetrated by the accused is not a defense to a charge of attempt.
Rulings disapproved.
JUSTICE ERICKSON specially concurs.
JUSTICE CARRIGAN does not participate.